UNITED STATES of America ex rel.
Thomas F. MANKIEWICZ,
Petitioner-Appellant,

v.

T. W. RAY, Commander United States Naval Station, Brooklyn, New York, and Paul Ignatius, Secretary of the Navy, Respondents-Appellees.

No. 565, Docket 32415.

United States Court of Appeals
Second Circuit.

Argued June 21, 1968.

Decided July 16, 1968.

Melvin L. Wulf, and Paul G. Chevigny, New York City, for petitioner-appellant.

Howard L. Stevens, Asst. U. S. Atty., Eastern Dist. of New York (Joseph P. Hoey, U. S. Atty., on the brief), for respondents-appellees.

Before MOORE and FRIENDLY, Circuit Judges, and BRYAN, District Judge.*

PER CURIAM:

Appellant Mankiewicz is a member of the United States Naval Reserve on active duty. His application to the Naval authorities for discharge as a conscientious objector pursuant to Defense Department Directive and Navy Regulations was denied. He then brought a petition for a writ of habeas corpus in the

* Of the Southern District of New York, sitting by designation.

United States District Court for the Eastern District of New York seeking to review the Navy's denial of his conscientious objector application and to require the Navy to discharge him. The District Court (Rosling, J.,) denied his petition and he now appeals from the order of denial.

The District Court, prior to the decision of this Court in Hammond v. Lenfest, 398 F.2d 705 (decided June 10, 1968), held that it had no jurisdiction to grant a habeas corpus petition to review a denial by the Navy of an application for conscientious objector discharge and that in any event Mankiewicz had failed to exhaust his administrative remedies in pending Navy court martial proceedings against him. The District Court also indicated doubts as to the merits of the conscientious objector claim though it did not pass on that question.

Thereafter this Court in Hammond v. Lenfest held that the District Court had power to grant habeas corpus relief to a member of the Naval Reserve ordered to active duty who had been denied discharge as a conscientious objector under Department of Defense Directives and Navy Regulations.

On this appeal appellant argues that in light of *Hammond*, the District Court erred in holding it had no jurisdiction; that there was no basis in fact for the denial of his requested discharge; and that the military procedures for evaluating his claim for conscientious objector status did not conform to due process of law requirements.

The decision of the Chief of Naval Personnel denying appellant's request for conscientious objector discharge was predicated on proceedings under Navy Bureau of Personnel Manual (Bupersman) Section C-5210 and Department of Defense Directive (DOD) 1300.6 (conscientious objectors) dated August 21, 1962. Since the argument of the appeal on June 20, 1968, we have learned that DOD 1300.6 dated August 21, 1962, and Bupersman Section C-5210 promulgated pursuant thereto, have been cancelled and superseded by DOD 1300.6 issued May 10, 1968 and effective 30 days from the date of issue.[1]

The newly promulgated DOD Directive makes major improvements in the procedures to be followed in cases involving in-Service claims for conscientious objector discharge. For example, Section VI B. 4. provides:

"The applicant will be afforded an opportunity to appear in person (with counsel retained by him, if he desires) before an officer in the grade of 0-3, or higher, who is knowledgeable in policies and procedures relating to conscientious objector matters.

a. After permitting the applicant to be heard in support of his application and making such other inquiry into the merits of the application as he considers appropriate, that officer will enter his recommendation and the reasons therefor into the file.

b. If the applicant waives the opportunity to be heard, his waiver will be obtained in writing and made a part of the file."

Thus, now a member of the Armed Forces applying for discharge as a conscientious objector has a right to a form of hearing with counsel before an officer presumably qualified to deal with the oft-times delicate and sensitive subject of his application. Also, that officer is now required to make a recommendation and give his reasons therefor. None of this was brought to our attention by counsel for the respective parties.

The new procedures are in contrast to those pursuant to the DOD Directive and Bupersman Regulations under which the application of the appellant in this case was denied. Under the former procedures the applicant after completing prescribed forms was interviewed by his

---

1. The Bureau of Navy Personnel has been operating under the new Directive since June 10, 1968.

Commanding Officer and a Military Chaplain, each of whom then gave his opinion as to the applicant's sincerity. There is nothing comparable to the form of hearing provided under the newly issued directive and no recommendation or reasons therefor were required to be given by the interviewing officer.

■ Also subsequent to the decision below it appeared for the first time that the Wave Lieutenant, C. I. Suneson, who interviewed the appellant to determine the sincerity of his beliefs, was not his Commanding Officer as required by Bupersman C-5210, Section 2(b). Thus even the procedures required by the Navy Regulations then in effect were not followed. The question of whether there was "no basis in fact" [2] for the decision reached by the Chief of Naval Personnel in this case is a very close one. It cannot be said on this record that appellant was not prejudiced by such a failure to follow the required procedures or that he waived the omission. Moreover, the Chief of Naval Personnel failed to state any grounds or reasons for denial of the application and we can only speculate as to what the basis for the action was.

■ In the light of all the facts and circumstances in this case and of the decision in Hammond v. Lenfest rendered subsequent to the determination below, it appears to us that the interests of justice would be best served by sending the case back to the Department of the Navy with directions that the application of the appellant for discharge as a conscientious objector be processed and determined in accordance with the procedures laid down in Department of Defense Directive 1300.6 issued May 10, 1968, and that the pending court martial proceedings against the appellant be deferred until after such a determination is made.

The order appealed from is accordingly reversed and the case remanded to the District Court for further proceedings consistent with this opinion.

FRIENDLY, Circuit Judge (concurring):

Since we are simply returning the case to the Navy for further processing under improved procedures which will either moot the controversy or produce a more adequate record, I gladly concur in a reversal for that limited end. Otherwise I would feel bound to object to an extension of Hammond v. Lenfest, 2 Cir., 398 F.2d 705, to a case where a court-martial had already been convened and there was no adequate showing that it would not consider Mankiewicz' defense.

2. Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567 (1946). See also Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Hammond v. Lenfest, supra; United States v. Corliss, 280 F. 2d 808 (2d Cir.), cert. denied, 364 U.S. 884, 81 S.Ct. 167, 5 L.Ed.2d 105 (1960).