Howard Ira **WASSERSTEIN**, Petitioner-Appellant,

v.

Melvin **LAIRD**, Secretary of Defense, et al., Respondents-Appellees.

No. 646, Docket 72–1152.

United States Court of Appeals, Second Circuit.

Argued March 2, 1972.

Decided March 31, 1972.

Barry Satlow, New York City, for petitioner-appellant.

Steven J. Glassman, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for the S. D. N. Y., with him on the brief), for respondents-appellees.

Before MURRAH,* KAUFMAN and OAKES, Circuit Judges.

PER CURIAM:

Several months after enlisting in the United States Army Reserve, appellant Wasserstein applied for discharge as a conscientious objector pursuant to Department of Defense Directive 1300.6 and Army Regulation 135–25. After investigation and interviews, as provided by AR 135–25, Wasserstein's entire file was forwarded to the Commanding Officer, U. S. Army Reserve Components Personnel Center, Fort Benjamin Harrison, Indiana, who convened a Conscientious Objector Review Board to make a

final determination of Wasserstein's application. The Review Board denied the application, essentially on the grounds that Wasserstein had not presented sufficient evidence to establish his objections as being sincerely held and basically religious in nature.

Wasserstein thereafter submitted a second application which included additional information and letters tending to contradict some of the reasons given by the Review Board for its denial of his first application. Although this second application was also forwarded to Fort Benjamin Harrison, it was returned with a statement that "the additional documentation submitted is not sufficient to warrant rehearing" by the Review Board; thus, no action was taken upon it in accordance with AR 135–25 § 12.

Upon being ordered to report for six months active duty subsequent to the return of his second application, Wasserstein petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, on the ground that he was being unlawfully detained by the Army, or alternatively for a writ of mandamus, pursuant to 28 U. S.C. § 1361, commanding the respondents to comply with AR 135–25, and process his second application. The District Court denied habeas corpus relief, finding that there was a rational basis for the Review Board's refusal to accept the validity of Wasserstein's claim. Wasserstein immediately filed notice of appeal claiming that there was no objective evidence which would serve to support the Review Board's rejection of his application. He also contends that his case should be remanded in light of our recent decision in Friedberg v. Resor, 453 F.2d 935 (1971), inasmuch as the Review Board has never considered his application in accordance with the procedures set forth in AR 15–6,[1] and made

---

* Senior Judge of the Tenth Circuit Court of Appeals, sitting by designation.

1. AR 15–6 is a general regulation designed to afford military due process in investigations affecting the rights or status of individual members of the armed forces.

To that end it provides the right to a hearing (AR 15–6 § I(6) (a) (1)), to notice of that hearing (AR 15–6 § I(6) (a) (1) (a)), to challenge members of the board for cause (AR 15–6 § I(5)), to inspect all records and documents re-

applicable to Conscientious Objector Review Board proceedings by AR 135–25 § 7(h).

In this posture of the case we do not reach the merits, for we are of the view that the interests of justice would best be served by affording the District Court the opportunity to reconsider Wasserstein's petition in light of Friedberg v. Resor, *supra*. See Feliciano v. Laird, 426 F.2d 424, 427 (2d Cir. 1970); United States ex rel. Mankiewicz v. Ray, 399 F.2d 900, 902 (2d Cir. 1968).

We reverse and remand with directions to determine whether and to what extent the Conscientious Objector Review Board complied with the regulations set forth in AR 15–6 in its processing of Wasserstein's application. The stay of Wasserstein's order to report for active duty is to be continued until the course of action set forth above is completed.

ferred with the case and not subject to security requirements (AR 15–6 § I(6) (a) (5)), to have counsel present at the hearing (AR 15–6 § I(8)), to rebut any adverse allegations presented (AR 15–6 § II(11)) and (AR 15–6 § II(14)), and to submit a written brief covering the whole or any portion of the case under investigation (AR 15–6 § II(17)).